IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AL YONG JIANG | : | |
| Petitioner | : | |
| v | : | Civil Action No. AW-05-1018 |
| THE UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT | : : | |
| | : | |
| Respondent | | |

. . . . . .o0o. . . . . .

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus was filed on April 11, 2005, pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued confinement in the Dorchester County Detention Center pending his deportation from this country pursuant to an order of removal. Paper No. 1. Pursuant to this Court's Order to Show Cause, Respondent has filed an Answer to the Petition[1]. Paper No. 3. Petitioner has filed a Reply to the Answer. Paper No. 4. Upon review of the papers filed, this Court finds that a hearing in this matter is unnecessary.

Petitioner is a citizen of the People's Republic of China who entered this country without inspection by an immigration officer on June 1, 1993, at an unknown place. Paper No. 3 at Ex. A. On April 6, 1996, an Order to Show Cause was issued by the Immigration and Naturalization Service (INS) charging Petitioner with violating the Immigration and Nationality Act 8 U.S.C. § 1251 (a)(1)(B)

---

[1] Respondent has included in its answer a motion to substitute Steven R. Williams, the warden of Dorchester County Detention Center, as respondent, in lieu of United States of America Department of Homeland Security Bureau of Immigration and Customs Enforcement. That motion will be granted by separate order.

by entering the United States without inspection.  *Id*.  A hearing was held before an Immigration Judge on August 23, 1996.  Petitioner admitted violating the Act and conceded deportability, but requested asylum, withholding of removal, or, in the alternative, to allow voluntary departure.  After a subsequent hearing on the merits of Petitioner's requested relief, the Immigration Judge denied relief and issued an order requiring Petitioner's deportation to China.  *Id*. at Ex. B.  Petitioner's appeal to the Board of Immigration Appeals was dismissed on July 14, 1998.  *Id*. at Ex. C.

Petitioner was taken into custody on October 12, 2004, upon his release from New York state custody for service of a nine month term of incarceration for first degree assault.  *Id*. at Ex. D.  The sole issue to be determined in this case is whether Petitioner's continued detention remains reasonable under the circumstances.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs the issue of whether an alien's detention pending removal is constitutional.  In *Zadvydas*, the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant

likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 700. Petitioner in the instant case has been detained longer than six months and contends that Respondent has not established that his removal from this country is likely to occur in the reasonable foreseeable future. Paper No. 4. Although no travel documents have been issued to permit Petitioner's return to China, Respondent asserts that efforts to obtain travel documents have been diligent and that there is no indication that Petitioner will not be permitted to return to China. Paper No. 3, p. 5 and Ex. G. Respondent submits evidence that a request for travel documents was made 10 days after Petitioner's initial detention and efforts to repatriate Petitioner to China are ongoing. In addition, Respondent notes that ICE has been able to repatriate 635 aliens to the Peoples Republic of China in fiscal year 2004. *Id*. at Ex. G. Petitioner points to no insurmountable hurdle that would prevent his return to China, but states that the Chinese consulate has not yet recognized him as a citizen of China. Paper No. 4. There is no allegation by Petitioner that he is not a citizen of China, nor does he allege other reasons which may prevent his return.

The burden of proving that removal is not likely to occur in the reasonably foreseeable future is Petitioner's. Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing. *Zadvydas*, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). Petitioner has failed to provide evidence that his removal is unlikely to occur in the foreseeable future, and accordingly the Petition will be denied at this time. However, in light of the fact that final travel arrangements have not been made to accomplish Petitioner's repatriation to China, Respondent will be required to file a status report within 60 days of

the date of this decision regarding whether travel documents have been obtained and, if not, the cause for the delay. Accordingly, the Petition for Writ of Habeas Corpus will be dismissed without prejudice[2] by separate order which follows.


August 3, 2005                                          /s/
Date                                         Alexander Williams, Jr.
                                             United States District Judge

---

[2] Depending upon the information contained in the status report, Petitioner may choose to seek habeas corpus relief in this Court, reasserting his *Zadvydas* claim.